```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

ANDRIA S. GLYNN                     :
                                    :
    Plaintiff,                      :      CIVIL ACTION
                                    :
v.                                  :      No. 1:14-CV-2358-TCB-ECS
                                    :
NORTHROP GRUMMAN                    :
                                    :
    Defendant.                      :


**FINAL REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This is an employment discrimination action in which the pro se Plaintiff seeks to proceed in forma pauperis without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a). [Doc. 1]. A review of the complaint, however, shows that all of the actions giving rise to suit allegedly occurred in the Middle District of Georgia. Plaintiff identifies Defendant's business location in Warner Robins, Georgia, in the Middle District, where Plaintiff apparently worked, as the only place where any alleged acts of discrimination occurred. [Doc. 1-1 at 3]. Plaintiff herself lives in Centerville, Georgia, [id.], also in the Middle District, and she has not alleged that any event giving rise to this action took place in the Northern District of Georgia. Therefore, it appears that the proper forum for this case is the United States District Court for the Middle District of Georgia. See 28 U.S.C.

§ 1391(b).

Accordingly, for the convenience of parties and witnesses, and in the interest of justice, **IT IS RECOMMENDED** that this civil action be **TRANSFERRED** to the United States District Court for the Middle District of Georgia. See 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."); Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 985 (11th Cir. 1982) ("[T]he decision whether to transfer a case is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion."); Kelly v. Meyers, No. 13-0018-WS-M, 2013 WL 3199996, at *2 (S.D. Ala. June 24, 2013) (sua sponte transferring case on in forma pauperis application to the Middle District of Alabama); Holton v. Florida, No. 5:08cv52/RS-EMT, 2008 WL 1995128, at *2 (N.D. Fla. May 6, 2008) ("Such transfers may be made sua sponte by the district court.").

The adoption of this final report and recommendation will leave no claims to adjudicate. Accordingly, with no matters pending before the undersigned, the Clerk is **DIRECTED** to terminate the reference to the undersigned magistrate judge.

2

AO 72A
(Rev.8/82)

**SO REPORTED AND RECOMMENDED,** this 29th day of July, 2014.

*s/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE
